# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. HARRIS, | 1:12-cv-00512-LJO-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| HECTOR A. RIOS, JR., | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on April 4, 2012.  Petitioner was convicted in the United States District Court for the Southern District of Indiana, and he is currently in custody at the United States Penitentiary in Atwater, California.

In the instant petition, the best the Court can decipher, Petitioner is seeking release from custody based on an illegal arrest or attachment by the United States Marshal.  In support of his claim, Petitioner cites to Rule E(4)(f) of the Federal Rules of Civil Procedure.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th Cir. 2000).  Writ of habeas corpus relief extends to a person in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3).  Specifically, a habeas corpus action is the proper mechanism for a prisoner to challenge

the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Tucker v. Carison, 925 F.2d 330, 332 (9th Cir. 1990).

Petitioner's claim that he is entitled to a "prompt hearing" requiring respondent to show cause why the arrest should not be vacated does not state a cognizable federal claim under § 2241.  Indeed, Petitioner cites to Rule E of the Federal Rules of Civil Procedure which does not exist.  To the extent Petitioner is attempting to challenge his conviction, he must do so in the sentencing court by way of 28 U.S.C. § 2255.  A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).  In such cases, *only the sentencing court has jurisdiction*.  Tripati, 843 F.2d at 1163.  Accordingly, the instant petition for writ of habeas corpus must be DISMISSED.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED;
2. The Clerk of Court be directed to terminate this action; and
3. All pending motions be DENIED as MOOT.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

///
///
///
///

1 and filed within fourteen (14) days after service of the objections.  The Court will then review
2 the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that
3 failure to file objections within the specified time may waive the right to appeal the District
4 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5     IT IS SO ORDERED.

6     Dated:   **April 27, 2012**          **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE