# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. HARRIS, | 1:12-cv-00512-LJO-DLB (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S REQUEST FOR INJUNCTION AND MOTION FOR STAY OF EXECUTION |
| v. | |
| HECTOR A. RIOS, JR., | [Docs. 25, 26] |
| Respondent. | |

On September 11, 2012, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 was dismissed and judgment was entered.

On September 20, 2012, Petitioner filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit, and the appeal was processed the same day.

On September 17, 2012, Petitioner filed a motion for an injunction, and on September 20, 2012, Petitioner filed a motion for stay of execution. (Docs. 25, 26.)

Petitioner filed his motion for an injunction pursuant to Rule 8(a)(1) of the Rules of Appellate Procedure, to obtain an injunction pending appeal from the Ninth Circuit.

In deciding whether to grant an injunction pending appeal, courts apply the same standard employed when considering a motion for a preliminary injunction. Tribal Villate of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988); Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). In order to obtain a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

1 preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the
2 public interest." Winter v. NRDC, 555 U.S 7, 20 (2008).  The Supreme Court has repeatedly
3 recognized that injunctive relief is "an extraordinary and drastic remedy, one that should not be
4 granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v.
5 Armstrong, 520 U.S. 968, 972 (1997).

For the reasons explained in the Court's dismissal order, Petitioner's claims are not cognizable.  Thus, he has not and can not demonstrate either a likelihood of success on the merits of his claims or that he is likely to suffer irreparable harm if the court does not issue an injunction.  Petitioner has not demonstrated a factual error nor any rationale for concluding that the Court's previous dismissal order was incorrect, and there is simply no basis to grant an injunction.  Petitioner simply continues to seek a stay of execution of a "judgment lien" and suspension of his sentence.  For these same reasons, there is no basis to grant Petitioner's motion for stay of execution and it must be denied.

Accordingly, it is HEREBY ORDERED that Petitioner's motion for an injunction and motion for stay of execution are DENIED.

IT IS SO ORDERED.

**Dated:**   September 25, 2012           /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE